**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4734**

———————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

YANCEY COOPER,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Benson Everett Legg, District Judge.
(1:08-cr-00239-BEL-1)

———————

Submitted:  April 30, 2012          Decided:  May 10, 2012

———————

Before DUNCAN, AGEE, and KEENAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Sicilia  Chinn  Englert,  LAWLOR  &  ENGLERT,  LLC,  Greenbelt,
Maryland,  for  Appellant.   Rod  J.  Rosenstein,  United  States
Attorney, Michael C. Hanlon, Assistant United States Attorney,
Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yancey Cooper pleaded guilty, pursuant to a plea agreement, to one count of distribution of and possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(A) (West 1999 & Supp. 2011). The district court sentenced Cooper to 180 months' imprisonment, as stipulated in the plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C). Cooper contends on appeal that, as a result of the district court's omissions at the Fed. R. Crim. P. 11 colloquy, his guilty plea was not knowing and voluntary. We affirm.

Because Cooper did not move in the district court to withdraw his guilty plea, we review his claims for plain error. United States v. Martinez, 277 F.3d 517, 524-25 (4th Cir. 2002). To establish plain error, Cooper must show that: (1) an error was made; (2) the error is plain; and (3) the error affects his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). Even if Cooper makes this showing, however, correction of the error lies within our discretion, which we will not exercise unless the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks, citations, and alteration omitted).

Cooper contends that his guilty plea was not knowing and voluntary because the district court did not advise him that

his guilty plea waived all antecedent non-jurisdictional defects and failed to inform him about the waiver of trial rights and the mandatory maximum and minimum penalties for his offense.

Even if there were omissions at the Rule 11 hearing, Cooper is not entitled to relief because any errors did not affect his substantial rights. An error affects a defendant's substantial rights if it is so prejudicial as to affect the outcome of the proceedings. Martinez, 277 F.3d at 532. In the guilty plea context, a defendant meets this standard by showing that he would not have pleaded guilty but for the Rule 11 error. Id. We conclude that Cooper has failed to make this showing. Accordingly, we discern no plain error.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

3